**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alejandro GONZALEZ–FLORES,**
**Defendant–Appellant.**

**No. 05–41165**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 17, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM: *

Alejandro Gonzalez–Flores (Gonzalez) appeals his guilty plea conviction and sentence for illegal reentry. He argues that his Georgia aggravated assault conviction did not constitute a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) and that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1), (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Using a "common sense approach," we hold that the generic, contemporary meaning of the offense of aggravated assault includes the intentionally-caused apprehension of injury, 2 W.R. LaFave & A. Scott, *Substantive Criminal Law,* § 16.3 (2d ed.2005), and that Gonzalez's Georgia offense falls within that generic, contemporary meaning. *United States v. Santiesteban–Hernandez,* 469 F.3d 376, 378–79 (5th Cir.2006); *United States v. Sanchez–Ruedas,* 452 F.3d 409, 411, 414 (5th Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 315, 166 L.Ed.2d 237 (2006). We therefore hold

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the crime-of-violence enhancement was warranted.

Gonzalez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Gonzalez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Gonzalez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.